IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBBIE DANIELS | § | |
| v. | § | CIVIL ACTION NO. 5:19cv162 |
| TEXARKANA TEXAS P.D., ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Robbie Daniels, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff contends that a Texarkana police officer named Zierre Spencer was deliberately indifferent to his serious medical needs after Plaintiff was involved in a one-car accident on August 10, 2019. Officer Spencer has answered the lawsuit, and on June 7, 2021, the Court issued an order directing Plaintiff to disclose all medical records pertaining to the accident or identify the name and address of any health care providers he saw for this issue. The Court also ordered Plaintiff to sign a medical authorization allowing defense counsel to subpoena the records.

On September 17, 2021, the Court again ordered Plaintiff to disclose any medical reports or information related to the accident as well as the name and address of any health care provider he saw. The Court also directed Plaintiff to sign and return a medical authorization form allowing counsel to subpoena Plaintiff's medical records, warning him that failure to comply with the order could result in the dismissal of the lawsuit with prejudice.

On October 14, 2021, Plaintiff sent a letter to the Court essentially repeating his claim that Officer Spencer did not perform his job properly, but not providing any information about his medical records or providers. On November 1, 2021, and January 4, 2022, Officer Spencer provided notices to the Court concerning Plaintiff's failure to comply with the Court's order. According to the January 4 notice, defense counsel wrote Plaintiff on October 21, 2021, requesting that he comply with the order and provide the identity of any treating healthcare providers. Counsel sent Plaintiff an authorization form which Plaintiff returned; however, Plaintiff did not provide any patient or treatment information and did not identify any healthcare providers.

On November 8, 2021, counsel again wrote to Plaintiff saying that Plaintiff has not identified any doctor, medical facility, or other healthcare provider who may have treated him for any injuries received in the accident of August 10, 2019. This letter again asked that Plaintiff identify any such healthcare provider, but to date, Plaintiff has failed to do so. Defendant requests that the lawsuit be dismissed, noting that nine months have passed since the disclosure deadline.

On January 19, 2022, Plaintiff filed a motion for appointment of counsel, saying "this guy keeps writing me and I don't know what he's talking about," he does not understand what is going on, and he does not think it is fair that "he has an attorney and I don't."

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Rule 41(b), F. R. Civ. P. Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. Id., *citing* Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines,

costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. McNeal, 842 F.2d at 793.

      Plaintiff has been told twice by the Court and at least twice by defense counsel that he must identify any doctors, hospitals, or health care providers who treated him after the accident forming the basis of the lawsuit. He has been provided with an authorization form to allow defense counsel to obtain his medical records, but he left the form blank and did not provide any information. The Court's orders to Plaintiff were not complicated or difficult to understand. Plaintiff's failure to obey the Court's orders warrants a dismissal of the lawsuit. While the question of dismissal with or without prejudice is a close one, the Court has determined that Plaintiff's conduct does not warrant dismissal of the lawsuit with prejudice. See Johnson v. Jones, 794 F.App'x 400, 2019 U.S. App. LEXIS 36969, 2019 WL 6835573 (5th Cir., December 13, 2019), citing Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992). However, the allegations giving rise to Plaintiff's claim occurred in August of 2019, meaning a dismissal without prejudice could operate as a dismissal with prejudice because of the operation of the statute of limitations. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty days following the date of entry of final judgment in this case. See Mills v. Criminal District Court No. 3, 837 F.2d 677, 680 (5th Cir. 1988); Rodriguez v. Holmes, 963 F.2d 799, 802 (5th Cir. 1992).

## RECOMMENDATION

      It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**SIGNED this 21st day of March, 2022.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE